IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HORACE GEORGE CULLUM, | § | |
| TDCJ #1208593, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0598 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Horace George Cullum (TDCJ #1208593, former TDCJ #482574, #250724, #221213, and #206007), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Cullum has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a 1988 state court conviction. Cullum appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** without prejudice for reasons set forth below.

### I.     BACKGROUND

Cullum reports that he was convicted on May 2, 1988, in the 230th District Court of Harris County, Texas, of indecency with a child in cause number 492581. After finding that Cullum had two prior felony convictions, the trial court sentenced him to serve twenty-five years' imprisonment. An intermediate court of appeals affirmed Cullum's conviction, but

vacated his sentence. *See Cullum v. State*, No. 11-88-145-CR (Tex. App. — Eastland, March 9, 1989, no pet.). On remand, the trial court sentenced Cullum to a term of fifteen years in prison. Cullum did not appeal further.

Cullum now seeks a federal writ of habeas corpus to challenge his conviction in cause number 492581. In his sole ground for relief, Cullum contends that he was denied effective counsel on direct appeal in 1989, because his attorney failed to advise him that he had the right to file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals to challenge the appellate court's decision to affirm his conviction. He seeks leave to file an "out-of-time" petition for discretionary review to challenge his conviction.

Cullum's conviction became final sometime after he was re-sentenced in 1989. Cullum's federal habeas corpus petition is dated February 19, 2008.[1] Thus, his pending petition appears barred by the governing statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

Significantly, this is not the first federal habeas corpus petition that Cullum has filed to challenge the conviction at issue in cause number 492581. Cullum has filed at least one other federal habeas corpus petition to challenge that same conviction in this district. *See*

---

[1] The Clerk's Office received the petition on February 21, 2008, and filed it the same day. Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Because the pleadings are dated February 19, 2008, they are deemed filed on that date.

*Cullum v. Quarterman*, Civil Action No. H-07-1525 (S.D. Tex.).[2] In that case, the court dismissed the petition as barred by the governing statute of limitations. *See id.* (Memorandum and Recommendation, Doc. # 9). The court noted further that Cullum is no longer in custody pursuant to the conviction that he challenges. *See id.* In that respect, Cullum was released on mandatory supervision in 1994. He was convicted thereafter in 2003, in the 178th District Court of Harris County, Texas, for failure to register as a sex offender in violation of Texas law. Cullum is presently serving a ten-year sentence for that conviction. Because the pending petition constitutes a successive challenge to the conviction in cause number 492581, this proceeding is subject to dismissal for reasons discussed briefly below.

## II.   DISCUSSION

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). In that respect, before a second or successive application permitted by this section is filed in the

---

[2]  The record reflects that Cullum filed another federal habeas corpus proceeding in 1992. *Cullum v. Collins*, Civil Action No. H-92-1200 (consolidated with Civil Action No. H-92-1938). The files for this proceeding are stored off-site and, therefore, the Court has no specific information available about which conviction or convictions Cullum was attempting to challenge. In the interest of judicial economy, the Court has not requested these files from the archive because the pending petition is plainly successive and lacking in authorization.

district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The claim presented in the pending petition could have and should have been raised previously in an earlier habeas corpus proceeding. Thus, the pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The

4

petitioner has not presented the requisite authorization. Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775. Accordingly, the petition must be dismissed as an unauthorized successive writ.

### III.   **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

### IV.   **CONCLUSION**

Because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1.  This federal habeas corpus proceeding is **DISMISSED** without prejudice for lack of jurisdiction.

2.  The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **DENIED**.

3.  A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on February 27th, 2008.

_____
Nancy F. Atlas
United States District Judge